IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY M.,[1] | No. 6:23-cv-00200-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Kevin Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Kevin Danielson
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Noah Schabacker
Social Security Administration
Office of the General Counsel
6401 Security Blvd.
Baltimore, MD 21235

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Kimberly M. brings this action seeking judicial review of the Commissioner's final decision to deny Supplemental Security Income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on July 27, 2020, alleging an onset date of April 1, 2020. Tr. 123.[2] Her application was denied initially and on reconsideration. Tr. 122, 134.

On February 10, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 33-57. On March 8, 2022, the ALJ found Plaintiff not disabled. Tr. 20-28. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on bipolar, manic depression, agoraphobia, social anxiety, arthritis, and PTSD. Tr. 123. At the time of her alleged onset date, she was 46 years old. Tr. 123. Plaintiff has a limited education and no past relevant work experience. Tr. 27.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

3 – OPINION & ORDER

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 27, 2020, her application date. Tr. 23. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "spine disorder with lumbar radiculopathy; osteoarthritis; carpal tunnel syndrome; obesity; personality disorder; anxiety disorder; PTSD; and a depressive disorder." Tr. 23. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 23. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> [S]he can occasionally push/pull with the bilateral lower extremities. She can occasionally climb stairs or ramps, but she can never climb ladders, ropes, or scaffolds. She can occasionally balance. She can frequently stoop, kneel, crouch, or crawl. She can frequently handle and finger bilaterally. She must avoid exposure to vibrations or workplace hazards. She can perform short, simple, routine tasks with a DOT GED reasoning level of 2 or less. She cannot tolerate interaction with the public – but she can tolerate occasional interaction with supervisors. She requires a static work environment with few changes in work routines and settings.

Tr. 25. The ALJ found that Plaintiff had no past relevant work experience. Tr. 27. However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "cleaner, housekeeping," "marker," and "routing clerk." Tr. 28. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 28.

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff argues that the ALJ erred by (1) failing to provide clear and convincing reasons for discounting her subjective symptom testimony and (2) failing to consider a late-submitted medical opinion.

**I.    Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an

5 – OPINION & ORDER

underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

Plaintiff testified that she cannot work due to carpal tunnel in her hands and arthritis in her back. Tr. 39. Plaintiff testified that she needs to sit for five minutes every hour. Tr. 41. She testified that she cannot lift anything over 25 pounds. Tr. 43. Plaintiff stated that she does not do "much of anything" during the day; she cleans her house when needed. Tr. 284. Plaintiff stated that she cannot walk very far because she is in pain. Tr. 284. Plaintiff also testified that she suffers from severe anxiety. Tr. 39. She stated that she leaves the house "as little as possible." Tr. 286. Plaintiff stated that she does not follow instructions well and that she experiences anxiety in times of stress or with changes in routine. Tr. 288–89.

The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 26. The ALJ gave at least three reasons for discounting Plaintiff's subjective symptom testimony: (1) inconsistency with Plaintiff's activities of daily living; (2) improvement with treatment; and (3) inconsistency with the objective medical evidence. Tr. 26–27.

First, the ALJ noted that Plaintiff's medical records document her longstanding back pain. Tr. 26; *see, e.g.*, Tr. 563. However, the ALJ also noted that Plaintiff was able to perform household chores for two hours at a time and could also rake up twelve bags of leaves. Tr. 26; *see* Tr. 572, 575. As the ALJ noted, this activity "suggests she could physically tolerate less-demanding tasks." Tr. 26.

The ALJ also noted Plaintiff's improvement with treatment, both physically and mentally. Tr. 26–27. As the ALJ noted, by June 2021, Plaintiff's functioning had improved, and she presented with normal gait and station and with normal motor strength and tone in all extremities. Tr. 711–12. The ALJ also noted that Plaintiff's "mood symptoms have been stabilized by prescribed medications." Tr. 27.

Finally, the ALJ noted some inconsistencies with the objective medical evidence. While Plaintiff complained of low back pain and left leg weakness, she generally presented as "healthy-appearing" with normal gait and station. *See, e.g.*, Tr. 538, 543, 694, 711.

Plaintiff argues that the ALJ failed to address Plaintiff's specific testimony that she must sit for at least five minutes every hour. However, the ALJ did address Plaintiff's "struggle to sustain work requiring prolonged physical activity" and crafted the RFC to account for Plaintiff's lumbar tenderness. Tr. 26–27. Further, the ALJ limited Plaintiff to light work, which "requires

standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6. Light work would accommodate this limitation.

Plaintiff's argument seems to rest on a hypothetical Plaintiff's counsel posed to the vocational expert at the hearing. Plaintiff's counsel added two limitations to the ALJ's first hypothetical: "to have the option to sit . . . for at least five minutes out of every hour" and "limited to occasional handling and fingering bilaterally." Tr. 55. The vocational expert testified that she "[didn't] have jobs that meet the hypothetical with the addition of the occasional handle and finger." Tr. 55. Nothing in the vocational expert's testimony indicated that a limitation to sitting for five minutes every hour would change the jobs available.

## II.     Medical Opinion of Maryam Gonzales, PT

Plaintiff argues that the ALJ erred by failing to consider the late-submitted medical opinion of Maryam Gonzales, PT.

Under the regulations, a claimant "must inform [the Agency] about or submit any written evidence . . . no later than 5 business days before the scheduled hearing." 20 C.F.R. § 416.1435(a). If a claimant submits evidence after this deadline, the ALJ may decline to consider the evidence "unless the circumstances described in paragraph (b) . . . apply." *Id.* This includes "unavoidable circumstance[s]" such as when a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 416.1435(b).

Plaintiff's hearing was on February 10, 2022. At the hearing, Plaintiff informed the ALJ that she was scheduled to resume physical therapy later that month, on February 22. Tr. 47. On February 24, 2022, Plaintiff's counsel requested a medical opinion from Plaintiff's physical therapy clinic. Tr. 12. Maryam Gonzales, PT, completed the opinion on March 2, 2022, and

8 – OPINION & ORDER

Plaintiff's counsel submitted the opinion to the ALJ on March 3, 2022. Tr. 15, 16. The ALJ's decision was signed on March 8, 2022. Tr. 28.

Plaintiff argues that the ALJ should have considered this late-submitted evidence, but she does not demonstrate that she meets the 416.1435(b) exception. At the hearing, Plaintiff did not inform the ALJ that she intended to ask her physical therapist for a medical opinion, nor did she ask that the record be kept open. Further, as indicated in her testimony, Plaintiff was *resuming* physical therapy. Plaintiff could have asked for a medical opinion from the physical therapy clinic in November 2021, when she was still a patient. *See* Tr. 619. The ALJ committed no error here.

However, because the evidence was submitted to the Appeals Council[3] and is included as part of the record, the Court must consider the evidence to determine if the ALJ's decision was supported by substantial evidence. *Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Ms. Gonzales evaluated Plaintiff on February 25, 2022. Tr. 12. She noted that Plaintiff reported symptoms of lower lumbar pain with stabbing pain down the left leg. Tr. 12. Ms. Gonzales opined that Plaintiff could occasionally lift less than ten pounds. Tr. 13. She opined that Plaintiff could walk for only five minutes at a time and sit for only thirty minutes at a time. Tr. 13. Ms. Gonzales further opined that Plaintiff could sit for six hours in an eight-hour workday. Tr. 13. Finally, Ms. Gonzales opined that Plaintiff would need five-minute breaks every hour to change position. Tr. 15.

Even with this new evidence, the ALJ's decision is supported by substantial evidence. Ms. Gonzales's opinion mimics Plaintiff's symptom testimony, which the ALJ properly

---

[3] In denying review, the Appeals Council found that the new evidence "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

9 – OPINION & ORDER

evaluated. Ms. Gonzales's more extreme limitations are directly contradicted by Plaintiff's own testimony. *See, e.g.*., Tr. 43 (Plaintiff testifying that she could lift 25 pounds and could stand for about 45 minutes to an hour). And, as noted above, a limitation to sit for at least five minutes every hour is consistent with light work.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED: February 15, 2024.

_____
MARCO A. HERNÁNDEZ
United States District Judge